IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00302-MR

WELLS FARGO BANK, N.A., )
)
Plaintiff, )
)
vs. )
) **MEMORANDUM OF**
THE SOUTHEAST BIOFEEDBACK ) **DECISION AND ORDER**
AND CLINICAL NEUROSCIENCE )
ASSOCIATION, URSZULA KLICH, )
ADRIANA STEFFENS, and SYLVIA )
WHITMIRE. )
)
Defendants, )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion for

Interpleader. [Doc. 18].

## I.    BACKGROUND

On October 21, 2020, the Plaintiff Wells Fargo Bank, N.A. (the

"Plaintiff" or "Wells Fargo") initiated this statutory interpleader action against

the Southeast Biofeedback and Clinical Neuroscience Association

("SBCNA"); Urszula Klich ("Klich"); Adriana Steffens ("Steffens"); and Sylvia

Whitmire ("Whitmire"), seeking the Court's distribution of $22,002.23 in funds

under its control (the "Disputed Funds").  [Doc. 1].  The Complaint alleges

that the SBCNA is a North Carolina non-profit corporation; Klich is a citizen

of California; Steffens is a citizen of New York; and Sylvia Whitmire is a resident of North Carolina. [Id. at ¶¶ 5-8].

According to the Complaint, the SBCNA maintained an account at Wells Fargo that listed Steffens and Whitmire as its only authorized signers. [Doc. 1 at ¶ 13]. In July 2020, Defendant Urszula Klich ("Klich") visited a Wells Fargo branch with minutes from a meeting of the SBCNA board of directors, which identified her as its President. [Id. at ¶ 16]. Klich identified herself as the President of the SBCNA and was added as a signatory on the account. [Id]. Thereafter, Klich removed Steffens and Whitmire as authorized signatories on the account, withdrew the entire $22,572.33 in the account, opened a new account with herself as the sole signatory, and deposited the $22,572.33 into that new account. [Id. at ¶¶ 17-21].

Whitmire filed a complaint with Wells Fargo arguing that Klich had no authority to withdraw money or remove signatories from the account. [Id. at ¶ 21]. Wells Fargo responded by restraining the new account opened by Klich, which had a total balance of $22,002.23[1] at that time. [Id. at ¶ 22].

---

[1] The Complaint alleges that the new account had $22,002.23 instead of $22,572.33 because a debit purchase and check were drawn on the account before Wells Fargo restrained the account. [Doc. 1 at ¶ 20 n.1].

2

On November 18, 2020, Steffens and Whitmire separately filed answers to the Complaint. [Doc. 9; Doc. 24].[2] In their answers, Steffens and Whitmire ask the Court to return the Disputed Funds to the original account. [Doc. 9 at 5; Doc. 24 at 5].[3]

On December 14, 2020, the Plaintiff moved for entry of default against the SBCNA. [Doc. 10]. On December 15, 2020, the Clerk of Court entered default against the SBCNA. [Doc. 12].

On January 4, 2021, the SBCNA and Klich separately filed answers to the Complaint. [Doc. 14; Doc. 15]. Both claim that Whitmire has been involved in a baseless dispute with SBCNA since her term as Vice President expired in 2020. [Doc. 14 at 2; Doc. 15 at 2]. The SBCNA and Klich deny that either Whitmire or Steffens, the former Treasurer of the SBCNA, have any claim to the Disputed Funds. [Id.].

On January 11, 2021, the SBCNA filed a Motion to Set Aside the Clerk's Entry of Default. [Doc. 16]. On January 13, 2021, the Court set aside the default. [Text-Only Order Entered Jan. 13, 2021].

---

[2] While Steffens' answer was hand-delivered to the Court on November 18, 2020, it was not documented on the Court's ECF system until February 22, 2021 due to an administrative error. [Doc. 23].

[3] While Steffens and Whitmire allege that Wells Fargo acted "[i]n direct contradiction to [its] published requirements for adding a signer to an existing business account," [Doc. 9 at ¶ 38; Doc. 24 at ¶ 38], they do not assert any counterclaim against Wells Fargo.

3

On February 5, 2021, Wells Fargo filed a Motion for Interpleader seeking an order from the Court (i) allowing Wells Fargo to deposit the Disputed Funds into the Registry of this Court; (ii) dismissing and discharging Wells Fargo from this action; (iii) enjoining and prohibiting the SBCNA, Klich, Steffens, or Whitmire from instituting any action against Wells Fargo and/or its agents, affiliates, employees and servants based on this dispute; and (iv) awarding Wells Fargo its reasonable attorneys' fees and costs incurred in this action. [Doc. 18 at 1]. Wells Fargo claims to have incurred $6,518.10 in attorney's fees prior to filing the interpleader motion and $1,125 filing a reply in support of its Motion for Interpleader and communicating with the relevant parties. [Doc. 18-1 at ¶¶ 8-9]. Accordingly, Wells Fargo seeks to recover $7,643.10 in attorney's fees from the Disputed Funds. [Id. at ¶ 9].

On February 19, 2021, the SBCNA and Klich filed a response to Wells Fargo's Motion for Interpleader. [Doc. 22]. While the SBCNA and Klich agree that Wells Fargo should be dismissed from this action, they oppose Wells Fargo's request for attorney's fees. [Id. at 1-2, 7-8]. The SBCNA and Klich propose that Wells Fargo should recover attorney's fees totaling no more than 5% of the Disputed Funds, or $1,100.11. [Id. at 1-2, 22].

On February 23, 2021, Wells Fargo replied, arguing that its request for attorney's fees is fair and reasonable and that the Defendants agreed their

4

banking agreement to pay any fees stemming from interpleader dispute. [Doc. 25 at 2-4].

## II. STANDARD OF REVIEW

Federal district courts have original jurisdiction over a civil action for interpleader filed by any person or entity having in its possession five hundred dollars or more if (1) two or more adverse claimants of diverse citizenship may claim to be entitled to the money and (2) the money has been paid into court. 28 U.S.C. § 1335(a). An action for statutory interpleader is "an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." Security Ins. Co. of Hartford v. Arcade Textiles, Inc., 40 F. App'x 767, 769 (4th Cir. 2002). In evaluating whether interpleader has been properly invoked, a court must determine whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) there are any equitable concerns that would prevent the use of interpleader. Metro. Life Ins. Co. v. Vines, C/A No. 10-2809, 2011 WL 2133340, at **5-6 (D. Md. May 25, 2011) (citing United States v. High Tech. Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007)). Assuming those requirements have been met, a disinterested stakeholder may be dismissed

5

with prejudice from an interpleader action and may obtain an injunction discharging further liability from the disputed funds under 28 U.S.C. § 2361. See High Tech. Prods., 497 F.3d at 641; see also Fed. Ins. Co. v. Parnell, No. 6:0CV00033, 2009 WL 2848667, at *4 (W.D. Va. Sept. 3, 2009) (enjoining claimants from bringing any proceeding regarding the proceeds at issue).

## III.    DISCUSSION

Here, the Plaintiff alleges that the Defendants/Claimants have adverse and competing claims to the $22,002.23 in Disputed Funds that it holds. [Doc. 1 at ¶ 2.  The Plaintiff also alleges that the Disputed Funds constitute a single fund at issue.  [Id. at ¶ 22]. The Plaintiff further alleges that at least two of the adverse Claimants are citizens of different states, namely that Klich is a resident of California, Steffens is a resident of New York, and Whitmire is a resident of North Carolina.  [Id. at ¶¶ 4-8].  The Plaintiff also may be subject to multiple liability because two sets of Defendants/Claimants have claimed the funds.  Finally, the Plaintiff attests that it stands ready to deposit into the registry of the Court the full and total amount of the Disputed Funds.  [Id. at ¶ 32].  Accordingly, the Court concludes that the jurisdictional requirements of 28 U.S.C. § 1335(a) are satisfied and the Plaintiff has properly invoked statutory interpleader jurisdiction.  As such, the Plaintiff

shall be permitted to: (1) interplead the $22,002.23 plus interest; (2) deposit that amount with the Registry of the Court; and (3) obtain a discharge from further liability with prejudice. 28 U.S.C. § 2361.

While statutory interpleader is appropriate here, the SBCNA and Klich contest the Plaintiff's request for attorney's fees. [Doc. 22 at 1-2]. Although the Fourth Circuit "has not provided any guidance as to the awarding of attorneys' fees in the context of the federal interpleader statute," Lindsey v. Primerica Life Ins. Co., No. 1:00CV00789, 2002 WL 1585908, at *1 (M.D.N.C. May 17, 2002), other circuits consider it "settled that a federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action whenever it is fair and equitable to do so." Sun Life Assurance Co. of Canada v. Sampson, 556 F.3d 6, 8 (1st Cir. 2009) (alterations and internal quotation marks omitted); see also James Talcott, Inc. v. Allahabad Bank, Ltd., 444 F.2d 451, 468 (5th Cir. 1971); Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986). "The court may take into account a number of factors in deciding the amount of attorneys' fees to award: 1) whether the case is simple or involved; 2) whether the stakeholder performed any unique services for the claimants or the court; 3) whether the stakeholder acted in good faith and with diligence; 4) whether the services rendered benefitted the stakeholder; and 5) whether

7

the claimants improperly protracted the proceedings.  ReliaStar Life Ins. Co. of New York v. LeMone, No. CIV.A. 7:05CV00545, 2006 WL 1133566, at *2 (W.D. Va. Apr. 25, 2006) (citation omitted); see also Midland Nat'l Life Ins. Co. v. Wilkes, No. 1:19-CV-772, 2020 WL 429206, at *3 (M.D.N.C. Jan. 28, 2020) (finding that the entry of default against one of the defendants increased the inconvenience of the proceedings and weighed in favor of a fee award); UNUM Life Ins. Co. of Am. v. Battle, No. 5:07-CV-308-H, 2009 WL 10705411, at *2 (E.D.N.C. Sept. 30, 2009) (same).  Courts also consider the size of the requested award in relation to the size of the fund at issue, treating with skepticism requests for awards that would substantially deplete the funds at issue.  See id. at *4 (contrasting a fee request totaling 49% percent of the total funds at issue with past cases that approved awards ranging from 1.5% to 24% of the proceeds at issue); Campbell v. N. Am. Co. for Life & Health Ins., No. 3:04CV1118 JTEM, 2007 WL 2209249, at *6 (M.D. Fla. July 30, 2007) (declining to award attorney's fees totaling roughly 30% of the total funds at issue); Minn. Life Ins. Co. v. Webb, No. 1:13-cv-01242 (AJT/IDD), 2014 WL 1681688, at *8 (E.D. Va. Apr. 7, 2014) (approving a request for fees and costs where the plaintiff was "only seeking approximately 10% of the amount of the contested benefits").

The Plaintiff requests $7,643.10 in attorney's fees, which amounts to roughly 35% of the Disputed Funds. While the Plaintiff's fee application appears to accurately reflect the hours that its attorneys incurred in this matter, the Court finds that a fee award totaling 35% of the Disputed Funds would "substantially deplete" the Disputed Funds. Hickory Springs Retirement Plan v. Andrews, 5:05CV240–RLV, 2008 WL 2699729 at *5 (W.D.N.C. July 2, 2008) (Voorhees, J.) (citing Sun Life Assurance Co. v. Tinsley, 2007 WL 1388196 at *2 (W.D. Va. May 9, 2007)); see also Campbell, 2007 WL 2209249, at *6 (rejecting a fee request for 30% of the total funds); Combined Ins. Co. of Am. v. Christian, No. 1:14CV647, 2015 WL 5022379, at *4 (M.D.N.C. Aug. 24, 2015) (rejecting a fee request for 49% of the total funds). Accordingly, the Court concludes that the Plaintiff's request for 35% of the Disputed Funds is not a fair and reasonable attorney's fee.

Nevertheless, the Plaintiff acted diligently and in good faith by initiating this action after becoming aware of the dispute between the two sets of Defendants/Claimants. Moreover, the SBCNA's default caused the Plaintiff to incur additional fees that it would not have otherwise incurred. Likewise, the Plaintiff incurred further expenses replying to the SBCNA and Klich's response to the Motion for Interpleader. Because the Plaintiff acted diligently

9

and incurred fees beyond what would normally be necessary, the Court concludes that the Plaintiff should be allowed to recover fees, provided that those fees do not substantially deplete the Disputed Funds.

Having reviewed the parties' briefings and the relevant case law, the Court concludes that $4,400.00, roughly 20% of the Disputed Funds, is an appropriate fee award for the Plaintiff here.  See Lindsey v. Primerica Life Ins. Co., No. 1:00CV00789, 2002 WL 1585908, at *3 (M.D.N.C. May 17, 2002) (awarding attorneys' fees totaling 17% of the total proceeds); Sun Life Assurance Co. of Canada v. Sampson, 556 F.3d 6, 8 (1st Cir. 2009) (affirming fee award totaling 24% of the total funds).  Accordingly, the Court will allow the Plaintiff to recover $4,400.00 in attorney's fees from the Disputed Funds.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Interpleader [Doc. 18] is **GRANTED**.  The Plaintiff has properly invoked statutory interpleader jurisdiction over the Disputed Funds under 28 U.S.C. § 1335(a).  The Plaintiff shall deposit $22,002.23 plus interest with the Registry of the Court.  The Clerk of this Court shall receive and deposit said funds in accordance with Local Civil Rule 67.1, subject to further Order of this Court.

10

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is **GRANTED**, and the Clerk of Court shall issue payment in the amount of $4,400.00 to Wells Fargo Bank, N.A. from the funds deposited with the Registry of the Court.

**IT IS FURTHER ORDERED** that at such time as the Plaintiff deposits of the Disputed Funds into the Court Registry, the Plaintiff shall be **DISMISSED WITH PREJUDICE** from this action.  At that time, the Plaintiff's request for an injunction shall be **GRANTED**, and the Defendants/Claimants shall be **RESTRAINED** from initiating, instituting, or prosecuting any action against the Plaintiff and/or its agents, affiliates, employees and servants in connection with the $22,002.23 in Disputed Funds.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction of this action.

**IT IS SO ORDERED.**

Signed: April 6, 2021

Martin Reidinger
Chief United States District Judge

11